IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 13-0117-CG |
| ) | |
| YAMAN SENCAN, DAVID PETERSEN, ) | |
| and STEPHEN MERRY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on the Government's "Motion for a *Maryland v. Craig* Hearing to Permit Victim-Witness Testimony via Video Teleconference" (doc. 57). The Motion was filed on November 22, 2013. In the last five days, the parties have submitted multiple additional filings concerning this Motion, including the Government's Supplemental Brief (doc. 60) and defendant David Petersen's "Opposition to Government's Motion to Permit Victim-Witness Testimony via Video Teleconference" (doc. 63).

The premise of the Government's Motion is that it wishes to introduce testimony at trial from a person named I.K., who is purportedly a victim of the alleged fraudulent financial scheme underlying the criminal charges pending against defendants. I.K. lives in Honolulu, Hawaii, and suffers from a serious medical condition called aplastic anemia, which subjects him to a heightened risk of infection. When the Government notified I.K. in or around October 2013 that it intended to call him as a witness at trial, I.K.'s treating physician submitted a letter dated October 23, 2013, outlining his condition, stating that I.K. had been advised "to limit public exposure and avoid strenuous activity," and indicating that the physician had advised I.K. to "limit travel out of state." (Doc. 57, Exh. A.) The physician also wrote that "[t]his memo is to support his request to allow his deposition to be taken in Hawaii." (*Id.*)

No request was made by the Government to schedule a Rule 15 deposition of I.K. in Hawaii in October 2013. Instead, the Government (with knowledge of I.K.'s medical issues and the October 23 physician's note) issued a trial subpoena for I.K., and worked with him to arrange his travel to Mobile for trial in a manner that would accommodate his medical condition. All of

this was evidently done with I.K.'s approval, as the Government represents that he expressed willingness to testify live at trial "despite the grave personal risks." (Doc. 57, at 7.) Circumstances apparently changed sometime last week, when I.K.'s physician "reiterated the serious danger such travel could cause." (*Id.*) There is no suggestion that I.K.'s physician revealed any new information or altered the tenor of his advice to I.K. at that time, nor does it appear that I.K.'s condition materially worsened in the interim. Rather, the physician simply "reiterated" what he had already told I.K. and the Government.

On November 22, 2013, the Government filed the instant Motion, wherein it seeks to have I.K. testify at trial via two-way videoconference pursuant to *Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). In an *en banc* decision, the Eleventh Circuit has opined that before allowing such a procedure and to safeguard a defendant's Confrontation Clause rights, "[t]he court generally must: (1) hold an evidentiary hearing and (2) find: (a) that the denial of physical, face-to-face confrontation at trial is necessary to further an important public policy and (b) that the reliability of the testimony is otherwise assured." *United States v. Yates*, 438 F.3d 1307, 1315 (11th Cir. 2006). All three defendants in this case have declined to waive their Confrontation Clause rights with respect to I.K.'s testimony. Pursuant to *Yates*, then, the Government "requests a *Maryland v. Craig* hearing to determine whether I.K. can testify via two-way video teleconference at trial." (Doc. 57, at 14.)[1]

The difficulty with the Government's Motion lies in the *Craig* requirement "that furtherance of the important public policy make it *necessary* to deny the defendant his right to a physical face-to-face confrontation." *Yates*, 438 F.3d at 1316. Much like the circumstances present here, the *Yates* majority found that "the availability of a Rule 15 deposition demonstrates that, in this case, it was not necessary to deprive the Defendants of face-to-face meetings with their accusers." *Id.* at 1316 n.8. The majority went on to reason that "Rule 15, properly utilized, protects a defendant's confrontation rights by affording the defendant an opportunity to be present at the deposition" and that "there is no evidentiary support for a case-specific finding that

---

[1] The Court has not conducted an evidentiary hearing, but it has raised specific concerns and afforded the Government an opportunity to address them via supplement to its Motion. Nothing in that supplemental filing identifies the existence of evidence that the Government might produce at such a hearing that would alter or affect the reasoning and result herein.

the witnesses and Defendants could not be placed in the same room for the taking of pre-trial deposition testimony pursuant to Rule 15." *Id.* at 1317. The *Yates* reasoning applies with equal force here; therefore, the Government's bid to have I.K. testify live at trial via two-way videoconferencing fails for want of evidentiary support for a case-specific finding that furtherance of a public policy renders it <u>necessary</u> to deny defendants their constitutional right to confront I.K. face-to-face when he testifies against them.[2] The Government's Motion is **denied** insofar as it seeks leave to allow I.K. to testify at trial via videoconferencing.

Alternatively, the Government requests in its Supplemental Brief filed on November 25, 2013 that an order be entered allowing a Rule 15 deposition of I.K. to be taken in Honolulu, Hawaii during the week of December 2, 2013. Such a request may be granted "because of exceptional circumstances and in the interest of justice." Rule 15(a)(1), Fed.R.Crim.P. "The moving party bears the burden of showing that exceptional circumstances exist to warrant the deposition." *United States v. Thomas*, 62 F.3d 13432, 1340 (11th Cir. 1995). In evaluating whether a movant has met that burden, the Eleventh Circuit considers whether "(1) the witness is unavailable; (2) injustice will otherwise result without the material testimony that the deposition could provide; and (3) countervailing factors would make the deposition unjust to the nonmoving party." *Id.* at 1341.

Assuming (without deciding) that I.K.'s medical condition renders him "unavailable" for purposes of Rule 15, the second and third factors weigh heavily against the Government's eleventh-hour request to take his deposition in Hawaii. As for the second consideration, the Government maintains that I.K.'s testimony is material and details the nature of his anticipated

---

[2] In its Supplemental Brief, the Government urges the Court not to erect a "procedural bar to this motion" and not to find "a threshold requirement that a Rule 15 deposition be not possible before a *Craig* test analysis can begin." (Doc. 60, at 3 n.1.) But this case does not necessitate the making of global pronouncements about the broad implications of *Yates* and whether the *en banc* majority intended to engraft an absolute, unflinching prerequisite to the *Craig* analysis that no Rule 15 deposition be possible. The undersigned need not and does not reach this question. Instead, it suffices to conclude, and the Court does conclude, that the circumstances of this case are materially indistinguishable from those in *Yates*, and that (just as in *Yates*) the Government has made no case-specific showing that allowing I.K. to testify at trial via two-way videoconferencing is necessary to further an important public policy.

testimony.[3]  But the Government does not show that injustice would result without I.K.'s testimony.  In opposing the Government's request, defendant David Petersen maintains that I.K.'s anticipated testimony is cumulative to that of at least four other purported victims of the alleged fraud and that there is no indication that I.K. has anything unique to add to the trial testimony of other Government witnesses.  The Government has not addressed this issue at all, and has not even attempted to make a showing that I.K. is a critical witness, that his testimony would not be redundant or cumulative, or that the Government would suffer prejudice to its case-in-chief without the testimony of I.K.  At most, the Government suggests that I.K.'s testimony "is critical to the case" (doc. 60, at 5), but does not elaborate as to why this might be so.

Furthermore, with respect to the third factor, Petersen persuasively argues that the Government has unreasonably delayed and that setting I.K.'s Rule 15 deposition at this late date would compromise defendants' trial preparations and likely delay the trial.  Trial of this action is set to begin on December 12, 2013.  The record shows that the Government was informed of I.K.'s physician's concerns about his travel to Mobile for trial on or about October 23, 2013; however, the Government did not move for a Rule 15 deposition until November 25, 2013, more than a month later and barely two weeks before the anticipated start of trial, with an intervening Thanksgiving holiday weekend to boot.  As a practical matter, setting I.K.'s Rule 15 deposition for next week, as the Government requests, would effectively deprive defense counsel of at least three days of trial preparations, given the distances involved for travel to Honolulu.  "There can be no question that both the moving party's diligence and the timing of the prospective depositions are relevant considerations to be weighed under Rule 15(a)."  *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993) (declining to adopt a *per se* rule against delay in the

---

[3]  Among other things, the Government indicates that this witness's anticipated testimony will be that I.K. invested in the alleged fraud scheme based on certain misrepresentations by defendants, that he received statements from defendants purporting to show that the investment was flourishing, that he sent defendants $25,000 in proceeds from the sale of his automobile with the expectation that it would be invested in his behalf, that defendants sent him statements showing that those funds had been invested and were earning a profit, that defendants never invested those funds, that he lost the vast majority of this investment, and that the loss has devastated him.

Rule 15 context).[4] The Government has seriously delayed in requesting a Rule 15 deposition for I.K. after being informed of his medical condition and his treating physician's concerns about him traveling to Alabama to testify. And that delay would work injustice on defendants if the Rule 15 deposition were allowed now, by interrupting their final trial preparations and depriving them of crucial final days needed to ready their defense for the December 12 trial. Petersen's position is that he will be forced to move for a continuance of the trial if the Rule 15 deposition is permitted. The Government has neither addressed nor rebutted these significant concerns raised by defendant Petersen.

In light of the foregoing, the Court finds that the Government has not met its burden of showing that conducting the Rule 15 deposition of I.K. next week would be justified by exceptional circumstances, or that it would serve the interests of justice. Accordingly, the Government's request for Rule 15 deposition subsumed within its Supplemental Brief is **denied**.

DONE and ORDERED this 27th day of November, 2013.

                                           s/ WILLIAM H. STEELE
                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *See also Yates*, 438 F.3d at 1318 n.11 (citing with approval district court's assessment that Government's serious delay in requesting videoconference testimony of foreign witnesses "would likely typify the kind of delay warranting the denial of a Rule 15 deposition"); *United States v. Jefferson*, 594 F. Supp.2d 655, 673 (E.D. Va. 2009) ("Although Rule 15 is silent on when a motion for a deposition is to be made, courts have rejected as untimely motions that will delay the trial.").