IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 13-0117-WS |
| | ) |
| DAVID PETERSEN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant David Petersen's *pro se* filing styled "Motion for Reconsideration and Clarification of the Denial of the Motion for Immediate Disclosure of Favorable Evidence and to Enforce the Court's Discovery Order" (doc. 208).

On December 29, 2015, the undersigned entered an Order (doc. 207) denying Petersen's motion for disclosure of 13 categories of what he termed "exculpatory materials." The December 29 Order chronicled multiple procedural and substantive defects in Petersen's motion, whereby he effectively asked to go on a post-trial fishing expedition under the auspices of *Brady*. The December 29 Order is clear in terms of both reasoning and conclusions; therefore, Petersen's present Motion for Clarification is **denied**.

In his Motion for Reconsideration, Petersen focuses on just one of the 13 categories of information demanded in his previous motion for disclosure. In that original motion, Petersen sought "all of the information the Securities and Exchange Commission ('SEC'), in their sole discretion, indicates [*sic*] the defendant was a party to the named securities violations, and related charges in this case." (Doc. 202, at 11.) In his Motion for Reconsideration, Petersen amplifies this request by explaining (for the first time) that it centers on the SEC's investigation of a person named Stephen L. Kirkland. Petersen indicates that he "did have direct communicaiton [*sic*] with Kirkland," and theorizes that the SEC's decision not to prosecute Petersen in connection with the Kirkland investigation is exculpatory in this case.

Notwithstanding Petersen's belated modification of and elaboration on his *Brady* argument as it relates to SEC records, the December 29 Order's conclusions remain fully intact for several reasons. First, Petersen has admitted that "evidence provided in Discovery to date …

shows the SEC has investigated this case and determined no criminal or civil violations or intent to violate any security laws by the defendant." (Doc. 202, at 13.) Thus, it appears that he has previously received "in Discovery" the very information he now claims was suppressed. Second, Petersen says he wants access to SEC records that will confirm "communications by the defendant to Mr. Kirkland, warning him to cease and decist [*sic*] any and all communications relating to Westover." (*Id.* at 4.) Obviously, Petersen should possess his own written or electronic communications with Kirkland, and could have testified to any communications at trial to the extent that such information was in any way exculpatory of and relevant to the charges on which he was tried herein. Third, Petersen appears to be assuming (with no factual basis whatsoever) that the SEC made some express, formal determination in its own investigation that Petersen was not culpable in the Kirkland matter. He offers neither facts nor evidence to support such speculation. Even if Petersen had made such a showing, he has not explained (and the Court does not perceive how) an SEC finding of "no culpability" as to Petersen in the Kirkland matter would be exculpatory, admissible evidence as to the criminal charges against Petersen here, which were not predicated on any fraudulent activities by Kirkland. On its face, Petersen's theory that the SEC's finding (if there was one) that he did not participate in the Kirkland fraud is somehow evidence that he did not perpetrate the fraud with which he was charged in the Indictment is meritless. Fourth, Petersen's suggestion that an SEC administrative decision not to sue or prosecute him deprives this Court of jurisdiction is frivolous.

      The bottom line is this: The December 29 Order set forth in detail the elements that a defendant must prove to establish a *Brady* violation. Nothing in the Motion for Reconsideration alters that Order's conclusion that Petersen has failed to demonstrate the existence of these elements as to the challenged SEC records. There are significant questions as to whether the SEC records that Petersen seeks (specifically, a SEC determination that exonerates him) even exist. At least some of the evidence Petersen requests is, by his own admission, in his possession, and was available to him at trial. And there is no reasonable probability that the outcome of Petersen's trial would have been different had the subject SEC records been disclosed, given the significant evidentiary and relevancy obstacles identified above. In short, Petersen seeks to use *Brady* as a post-trial discovery device to obtain SEC records pertaining to a different investigation, looking for a final agency determination that likely does not exist, and

-3-

that would be neither relevant nor admissible on any cognizable theory at trial in this case even if it did exist, all after failing to use at trial related evidence that he admits he did have.

For all of the foregoing reasons, as well as those set forth in the Order entered on December 29, 2015, the Motion for Reconsideration and Clarification (doc. 208) is **denied**.

DONE and ORDERED this 29th day of January, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE