# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 13-0117-WS |
| ) | |
| DAVID PETERSEN, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter comes before the Court on defendant's *pro se* "Motion for Reduction in Sentence Pursuant to Title 18 U.S.C. § 3582" (doc. 232) and "Amendment to the Motion to Reduce Sentence" (doc. 233).

In December 2013, after a jury trial, defendant David Petersen was convicted of 20 counts of securities fraud and wire fraud violations, all relating to a Ponzi scheme in which Petersen was a direct participant, defrauding investors out of millions of dollars while directly benefiting defendants. On May 29, 2014, this Court sentenced Petersen to a term of imprisonment of 60 months as to each of the 20 counts of conviction, such terms to run concurrently. This sentence was selected despite the fact that Petersen's advisory sentencing guidelines range was calculated at 135 to 168 months, based on a total offense level of 33 and a criminal history category of I. Thus, Petersen received a sentence that was more than 55% below the low end of his guidelines range.

Petersen raised numerous assignments of error on direct appeal; however, the Eleventh Circuit affirmed his conviction and sentence. Following that unsuccessful appeal, Petersen has filed a steady stream of frivolous motions in this District Court, including a Motion for Immediate Disclosure of Favorable Evidence (doc. 202), a Motion for Reconsideration and Clarification (doc. 209), a Motion to Compel Production of Grand Jury Material (doc. 210) and a Motion for New Trial (doc. 218). All of those motions having been denied in their entirety, Petersen now files a Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582, wherein he requests modification of his sentence to account for Amendments 791, 792 and 794 to the U.S. Sentencing Guidelines, which amendments went into effect nearly a year and a half after

sentence was imposed in this case. Petersen further seeks relief under § 3582(c)(2) based on his argument that his sentence must be vacated because 18 U.S.C. § 3553 is unconstitutional pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

This motion is meritless. The Court is not empowered to modify Petersen's sentence pursuant to 18 U.S.C. § 3582(c)(2) in the circumstances presented here. It is well settled that district courts do not possess "some sort of inherent authority to modify a sentence" whenever they wish. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002). To the contrary, the law provides that sentencing courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). Thus, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010) ("A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35.").

By statute, a sentencing court may modify a term of imprisonment only (1) upon motion by the Director of the Bureau of Prisons, (2) "to the extent otherwise expressly permitted by statute or by Rule 35," or (3) in certain limited circumstances where a sentencing guidelines range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). A defendant may obtain modification of sentence under § 3582(c) based on retroactive application of a Guidelines amendment only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).[1] The Sentencing Commission's policy statement is found at U.S.S.G. § 1B1.10(d), and enumerates the amendments that may be applied retroactively to modify a defendant's sentence pursuant to § 3582(c)(2). Amendments 791, 792 and 794 are not listed in § 1B1.10(d). The policy statement

---

[1] *See also United States v. Melvin*, 556 F.3d 1190, 1193 (11th Cir. 2009) (explaining that "[t]he district court was only permitted under § 3582(c)(2) to reduce Melvin's sentences consistent with the applicable policy statements of the Sentencing Commission"); *United States v. Pryor*, 2012 WL 1345740, *2 (S.D. Ala. Apr. 18, 2012) ("§ 3582(c)(2) does not authorize district courts to undertake wholesale modification of a sentence whenever they may wish, or to make any change in the absence of a retroactively applicable Guideline amendment, which simply does not exist here").

is crystal clear that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if none of the amendments listed in subsection (d) is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A). Accordingly, § 3582(c)(2) does not authorize this Court to modify Petersen's sentence via retroactive application of Amendments 791, 792 and 794.[2]

Equally unsuccessful is Petersen's attempt to bootstrap an argument that his sentence must be overturned because "[t]he use of ANY element of 18 U.S.C. § 3553 directed law after *Booker* is unconstitutional" (doc. 233). This argument fundamentally misreads *Booker* and its ramifications for 18 U.S.C. § 3553. Even if it did not, this argument is improperly presented in a § 3582(c)(2) motion, inasmuch as it falls outside the narrow statutory parameters for relief under that section. Nor will the Court unilaterally construe or re-characterize Petersen's § 3582(c)(2) motion as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in these circumstances, where Petersen appears to be intentionally holding out on filing his § 2255 motion until he has exhausted every other avenue for attacking his conviction and sentence.

For the foregoing reasons, defendant's "Motion for Reduction in Sentence Pursuant to Title 18 U.S.C. § 3582" (doc. 232) and "Amendment to the Motion to Reduce Sentence" (doc. 233) are **denied**. The Court further **certifies** that any appeal would be frivolous and would not be taken in good faith; therefore, Petersen will not be allowed to appeal *in forma pauperis* from this ruling.

DONE and ORDERED this 30th day of August, 2016.

                                                s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[2] It would be no valid answer to the foregoing analysis to suggest that any of these Amendments are somehow exempt from the "policy statement" requirement as mere clarifying amendments. The distinction between clarifying amendments and substantive amendments is of no consequence for purposes of a § 3582(c)(2) motion. *See, e.g., United States v. Armstrong*, 347 F.3d 905, 908-09 (11th Cir. 2003) ("While consideration of … a clarifying amendment may be necessary in the direct appeal of a sentence or in a petition under § 2255, it bears no relevance to determining retroactivity under § 3582(c)(2). … [O]nly amendments, *clarifying or not*, listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2).").