# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID PETERSEN, )<br>)<br>Petitioner. )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | CIVIL ACTION 17-0127-WS-N<br><br>CRIMINAL NO. 13-0117-WS |

## ORDER

This matter comes before the Court on petitioner David Petersen's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (doc. 237); his Motion to Invalidate, Reverse, Set-Aside or Modify the Order of Restitution (doc. 241); his Motion for Judgment on the Pleadings (doc. 247); and his Motion to Unseal (doc. 248).

On May 16, 2018, Magistrate Judge Nelson entered a 25-page Report and Recommendation (doc. 251) in this matter pursuant to 28 U.S.C. § 636(b)(1) and General L.R. 72(a)(2)(R). In that document, Judge Nelson catalogued all of Petersen's asserted § 2255 grounds for relief, and observed that the vast majority of them are nothing more than attempts to recycle failed arguments that Petersen has previously litigated both here and at the Eleventh Circuit Court of Appeals in his extensive post-conviction motion practice. Ultimately, the Magistrate Judge recommended that Petersen's § 2255 petition be denied, with neither issuance of a certificate of appealability nor leave to appeal *in forma pauperis*; that the Motion to Invalidate Order of Restitution and Motion for Judgment on the Pleadings be denied; and that the Motion to Unseal be granted.

Petersen has filed Objections (doc. 252) to various aspects of the Report and Recommendation. The undersigned now undertakes *de novo* review of those portions of the Recommendation to which objection is made, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3), Fed.R.Civ.P.

Petersen devotes approximately 10 pages of his Objections to his claims and arguments relating to Government Trial Exhibit 200. Petersen's well-worn position, set forth in filing after filing, is that Exhibit 200 is "newly discovered evidence" that somehow demonstrates fraudulent conduct by the Government. This Court has written in some detail to debunk these arguments in the context of Petersen's unsuccessful Motion for New Trial. (*See* doc. 224, at 7-9.) The Eleventh Circuit has likewise rejected Petersen's claims for relief predicated on the notion that Exhibit 200 is "new evidence" or that it somehow constitutes a forgery or a falsification. (*See* doc. 242, at 7-8.) In his Objections, Petersen simply trots out the same failed arguments that Exhibit 200 is falsified and newly discovered, this time under the guise of a § 2255 Petition. In so doing, Petersen candidly admits that his arguments pertaining to Exhibit 200 are repetitious of unsuccessful arguments he has raised in earlier motions. (*See* doc. 252, at 7 (remarking "[a]s Petersen has repeatedly stated in Motion after Motion to this court" and that "Petersen continues to bring to this Court's attention … [h]ow can perjury and the evidence of a falsified court document (EXHIBIT 200) not be considered prejudicial").) The Court has previously explained in some detail why this is not "new evidence," and why there is no evidence that the Government presented falsified testimony concerning Exhibit 200 at trial. Petersen's unwillingness to accept these facts, and his insistence on distorting the trial record to advance unsupported claims that his conviction was infected by falsified exhibits and perjured testimony, do not give rise to a viable ground for relief. Nor has Petersen made any showing of deficient performance or prejudice with respect to his trial counsel's performance at trial concerning Exhibit 200, as would be necessary to sustain a cognizable § 2255 ineffective assistance claim on that issue. Petersen persists in his pattern of taking unwarranted liberties with the trial record to advance arguments lacking any basis in fact.[1] Those tactics did not carry the day in Petersen's previous post-

---

[1] For example, Petersen says repeatedly in his Objections that a witness named Wesley Todd McCain testified at trial that he had signed a Co-Investment Agreement. (*See* doc. 252, at 4, 6, 7.) McCain did not so testify. The Court has previously exposed this myth (*see* doc. 224, at 7-8 & n.6), yet Petersen continues to advance this false narrative to prop up baseless claims. Of course, it was not deficient performance for Petersen's trial counsel not to pursue arguments rooted in a facially unreasonable construction of the trial record.

conviction motions, and they cannot prevail in the context of his § 2255 Motion. Thus, Petersen's Objections relating to Exhibit 200 are **overruled**.[2]

Next, Petersen's Objections take the Report and Recommendation to task by characterizing the Magistrate Judge as "biased and unfair." This claim is rooted in the recommendation that Petersen's "lack of privity" argument be denied even as the Magistrate Judge acknowledged that she was "unable to make sense of this argument." (Doc. 252, at 10; doc. 251, at 18.) It is in no way symptomatic of bias for a court to deny § 2255 relief when the petitioner advances a nonsensical claim. After all, a § 2255 petitioner like Petersen bears the burden of showing that he is entitled to relief. *See, e.g., Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) ("[a] habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs"); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("[a]s the Supreme Court has observed, habeas corpus petitions must meet heightened pleading requirements") (citation and internal marks omitted). By failing to present a coherent argument for ineffective assistance based on "lack of privity," Petersen did not meet his burden, so that ground for relief must be denied. This portion of the Recommendation exhibits neither bias nor unfairness against petitioner.[3]

Petersen also objects to the Report and Recommendation by reiterating some permutation of his sufficiency-of-the-evidence argument. (*See* doc. 252, at 10.) The Eleventh Circuit

---

[2] In his Objections, Petersen repeatedly floats the idea that the Report and Recommendation erred in not granting him an evidentiary hearing to prove that Exhibit 200 is a fraud and that the Government elicited perjured trial testimony from McCain and others. A § 2255 petitioner is not entitled to an evidentiary hearing simply because he wishes to have one. *See generally Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) ("a district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous"). Because Petersen's accusations about "a falsified/fake document and fraud on the Court and the perjured testimony" relating to Exhibit 200 (*see* doc. 252, at 9) are affirmatively undermined by the trial record, and are otherwise patently frivolous, no evidentiary hearing is warranted.

[3] At any rate, it appears to this Court that in complaining about lack of privity, Petersen was actually attempting to advance an argument that the purported absence of a security means there was "no venue" and "no jurisdiction." (Doc. 237, at 14.) The Court has previously considered and rejected that argument on the merits as contrary to law. (*See* doc. 224, at 15 n.16.) Petitioner's attempt to revive that contention in Objections to the § 2255 Report and Recommendation fails for the same reasons.

expressly ruled on direct appeal that there was sufficient evidence to support Petersen's convictions. (*See* doc. 201, at 7-11.) His reliance on Exhibit 200 to advance this "sufficiency" argument fails for the same reasons set forth *supra*. Petersen's apparent belief that he could not be convicted of securities fraud unless the Government produced a fully signed and executed Co-Investment Agreement to the jury has no basis in law or fact. *See generally* 15 U.S.C. § 77q(a) (criminalizing the use of any device, scheme or artifice to defraud "in the **offer** or sale of any securities") (emphasis added), 18 U.S.C. § 1343 (criminalizing use of wire communication for purposes of executing "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises").

Petersen also objects to the Magistrate Judge's determination that he could not properly rely on Rules 60 and 62 of the Federal Rules of Civil Procedure to modify the restitution order entered as part of the criminal judgment in this case. According to Petersen, the Magistrate Judge is wrong because "this is a civil order." (Doc. 252, at 11.) Of course, a § 2255 Petition is a civil proceeding; however, the restitution order was issued in a criminal case as part of a criminal judgment. The Federal Rules of Civil Procedure are not available to modify that criminal judgment. *See, e.g., United States v. McDorman*, 305 Fed.Appx. 187, 189 (5th Cir. Dec. 15, 2008) (rejecting defendant's request for reconsideration of restitution order pursuant to Rule 60(b), Fed.R.Civ.P., because "[t]he penal or compensatory nature of the restitution does not alter the fact that this was a criminal case governed by the Federal Rules of Criminal Procedure," and "Federal Rules of Civil Procedure do not apply to criminal cases"); *United States v. Dahlman*, 61 Fed.Appx. 253, 255-56 (7th Cir. Feb. 18, 2003) (explaining that Rule 60(b) does not grant a court power to revise a defendant's sentence or alter an order of restitution); *United States v. Knight*, 315 Fed.Appx. 435, 437 (3rd Cir. Mar. 5, 2009) (district court properly denied motion for modification of restitution order under Rule 60(b) because "Federal Rules of Civil Procedure are not applicable to criminal cases"). This objection is meritless.

In several places in his Objections, Petersen maintains that this Court is not impartial. For example, he maintains that the Court has "turn[ed] a blind-eye[] to the misconduct by the Prosecution," and therefore has "bias" against him. (Doc. 252, at 11.) Petersen further argues that the undersigned should "recuse himself on any further decisions in this 2255 Motion" because (i) Petersen argues the Court erred by not conducting a *Daubert* hearing, and (ii) the Court "has knowledge of this case." (*Id.* at 13.) Petitioner's claims of bias and request for

recusal are devoid of legal or factual support.  A litigant's dissatisfaction with a court's prior rulings in a case supports neither a request for recusal nor an accusation of bias.  *See, e.g., United States v. Amadeo*, 487 F.3d 823, 828 (11th Cir. 2007) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "opinions held by judges as a result of what they learned in earlier proceedings do *not* constitute bias or prejudice") (citations and internal quotation marks omitted); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("[a] judge is not disqualified by a litigant's suit or threatened suit against him"); *Muhammad v. HSBC Bank USA, NA*, 2014 WL 3860588, *4 (S.D. Ala. Aug. 6, 2014) ("the recusal statutes should not be used to protest court orders or to circumvent court procedures with which litigants disagree") (citation omitted).  Simply put, Petersen's assertions of bias and requests for recusal lack any colorable basis in fact or law.  No objective, disinterested lay observer, fully informed of the facts, would entertain significant doubt about this Court's impartiality; therefore, disqualification is inappropriate under 28 U.S.C. § 455(a).

Petersen also objects to the Magistrate Judge's treatment of his ineffective assistance claim pertaining to the Government's failure to extradite co-defendant Timothy Durkin.  In particular, petitioner contends that evidence purporting to show lack of diligence by the Government in extraditing Durkin "would have benefited Petersen in his defense." (Doc. 252, at 11.)  As in his previous attempts to assert this claim for relief, Petersen has made no showing to support such a statement.  Indeed, the Eleventh Circuit has already concluded that (i) "there was no misconduct surrounding efforts to extradite Durkin;" and (ii) Peterson "has not shown how Durkin's presence would have made a difference in Defendant's trial, given the ample evidence against him." (Doc. 242, at 10-11.)  Petersen's attempt to litigate this issue for at least the third time (having previously raised it unsuccessfully on direct appeal and in his motion for new trial), albeit now repackaging it under the banner of ineffective assistance of counsel, fails for the same reasons that it did before.  This objection to the Report and Recommendation is overruled.

Next, petitioner takes issue with the portion of the Report and Recommendation recognizing the Eleventh Circuit has already ruled that the evidence against Petersen was sufficient to support his convictions.  Petersen writes, "This statement is strongly argued." (Doc. 252, at 12.)  Such an argument is inappropriate in the context of his § 2255 Petition.  On direct appeal, the Eleventh Circuit found "more than adequate" evidence of a fraudulent scheme and material misrepresentations (doc. 201, at 7), and "sufficient evidence to convict Petersen" (*id.* at

9), based on (i) evidence that "Petersen committed acts that were necessary for the ongoing success of the scheme" by preparing "false financial statements" reporting profits that did not exist to induce new investors to join and lull existing investors (*id.*); (ii) evidence that Petersen was "necessarily aware" of the falsity of the account statements and the use of victims' funds for illicit purposes (*id.* at 10); and (iii) sufficient evidence to support Petersen's convictions on an aiding-and-abetting theory because the evidence would "allow the jury to conclude that Petersen both furthered the scheme and did so knowingly" (*id.* at 11). It is black-letter law that a § 2255 motion may not properly be used to litigate issues already decided on direct appeal, where (as here) the controlling law has not changed. *See, e.g., Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012) ("At least where there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a § 2255 proceeding."). Petitioner's objection to the Recommendation's reliance on the Eleventh Circuit's finding on direct appeal of sufficient evidence to convict him proceeds in derogation of this well-settled legal principle, and therefore cannot prevail.

In his Objections, Petersen also criticizes the Report and Recommendation for rejecting his claim that trial counsel rendered ineffective assistance by not requesting a *Daubert* hearing as to the admissibility of the testimony of FBI witnesses Katheryn Scott and William Ryan Kennedy. The Magistrate Judge correctly concluded that Petersen had failed to make a showing that any portion of the testimony of witnesses Scott or Kennedy would have been deemed inadmissible had a *Daubert* hearing taken place. Petersen's Objections identify no facts or evidence of any kind that might support a conclusion that these FBI witnesses were unqualified to testify about the investigations they performed and the findings and conclusions they reached pursuant to those investigations. Considerable record evidence is to the contrary.[4] This portion of Petersen's Objections is meritless.

---

[4] For example, at the outset of her trial testimony, Scott outlined her background and qualifications as follows: (i) she had been employed as a forensic accountant with the FBI for three and a half years; (ii) she is a Certified Fraud Examiner, a Master Analyst in Financial Forensics, a Certified Internal Auditor, and certified in Control Self-Assessment; (iii) she has a Bachelor's degree in accounting and business administration, and a Master of Science degree in economic crime management; (iv) she previously operated her own forensic auditing practice for three years; and (v) she had spent more than 31 years as Vice President of Finance, Information Services, Accounting, and Internal Audit for a global chemical company. (Doc. 191, at 446-
(Continued)

Finally, Petersen includes in his Objections a litany of accusations that the Government knowingly presented perjured testimony, lied to this Court and the jury, conspired to interfere with his civil rights, and caused him to be wrongfully accused and convicted. (Doc. 252, at 13-14.) This rhetoric is not new. Petitioner has been pursuing these same arguments for several years now, via a voluminous procession of post-conviction motion practice and appeals. Both this Court and the Eleventh Circuit Court of Appeals have considered and rejected on multiple occasions Petersen's unsupported claims that his conviction is a miscarriage of justice. The facts are that the Government presented considerable evidence that Petersen and his co-defendants operated a Ponzi scheme for several years, bilking investors out of vast sums and siphoning off $1.5 million for themselves. The facts are that the Government's evidence showed that Petersen personally participated in, facilitated, aided and abetted, and profited from this fraudulent scheme. The facts are that for all his emphatic talk of perjury, falsified evidence and suppressed exhibits, Petersen has never come forward with proof of any of this. Upon careful review of the § 2255 Petition and the record before it, this Court cannot find that Petersen's conviction or sentence was in any way contrary to law or the product of Government overreaching or infringement on his constitutional rights.

For all of the foregoing reasons, it is **ordered** as follows:

1. Petitioner's Objections to the Findings and Recommendation of Magistrate Judge Katherine P. Nelson (doc. 252) are **overruled** in their entirety;
2. The Report and Recommendation (doc. 251) entered by the Magistrate Judge is **adopted** as the opinion of this Court;
3. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (doc. 237) is **denied**, and the Court expressly finds that petitioner is entitled

---

447.) Given Scott's education, training and experience, it plainly was not *Strickland* deficient performance for Petersen's counsel not to demand a *Daubert* hearing, and there was no prejudice from that omission, as she was plainly qualified to render opinions about the forensic accounting work she performed as part of the FBI's investigation in this case. Similarly, given Special Agent Kennedy's testimony that he had spent nearly six years investigating financial fraud crimes (including embezzlement, securities fraud, health care fraud, tax fraud and bankruptcy fraud), any argument that he was unqualified under *Daubert* to testify about the investigation he performed in this case would have been certain to fail. (Doc. 190, at 187-88.)

to neither a Certificate of Appealability nor *in forma pauperis* status on appeal for the reasons stated *supra* and in the Report and Recommendation;

4. Petitioner's Motion to Invalidate, Reverse, Set-Aside or Modify the Order of Restitution (doc. 241) is **denied**;

5. Petitioner's Motion to Unseal (doc. 248) the Motion for Judgment on the Pleadings that he had initially filed on an *ex parte* basis is **granted**, and the Clerk of Court is directed to unseal petitioner's Ex Parte Motion for Judgment on the Pleadings (doc. 247) in accordance with petitioner's present stated wishes;

6. Petitioner's Motion for Judgment on the Pleadings (doc. 247) is **denied**; and

7. A separate Judgment will enter.

DONE and ORDERED this 14th day of June, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE