# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | CRIMINAL NO. 13-0117-WS |
|  | ) |  |
| DAVID PETERSEN, | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |

## ORDER

This matter comes before the Court on defendant David Petersen's "Motion to Stay and Modify Order of Restitution Under Federal Rules of Civil Procedure, Rules 60 and 62" (doc. 263).

Petersen was convicted by a jury in this District Court of 20 counts of conspiracy to commit securities and wire fraud, aiding and abetting securities fraud, and aiding and abetting wire fraud. As part of the Judgment entered in this case, Petersen was ordered to pay restitution (jointly and severally with his co-defendants) in the total amount of $2,891,898.95, to 16 enumerated victims. (Doc. 149, at 5.)

Such restitution was ordered pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A-3664. ("MVRA"). *See, e.g., United States v. Futrell*, 209 F.3d 1286, 1290 (11th Cir. 2000) ("The plain language of the MVRA requires the district court to order restitution in the full amount of each victim's losses as determined by the district court.") (citation and internal quotation marks omitted). At Petersen's sentencing hearing, the Government informed the Court (with no argument or objection by defense counsel) as follows: "I believe that there's an agreement [as] to the exact number of what the restitution is and what the loss amount is, that being $2,891,898.95." (Doc. 197, at 6.) On direct appeal, the Eleventh Circuit rejected Petersen's argument that this restitution figure double-counted the loss suffered by one victim, reasoning that "[a]n insurmountable problem for Petersen is the fact that he not only failed to make this argument below, but he also acquiesced to the correctness of the loss calculation made by the district court." (Doc. 201, at 17.) Petersen presented no other objections to the restitution calculations either at the sentencing hearing or on direct appeal.

Now, more than four and a half years after his sentencing hearing, Petersen moves to stay and modify the order of restitution "due to the intentional suppression of the evidence from Petersen and his counsel." (Doc. 263, at 1.) Over the years, Petersen has litigated and relitigated his contentions about prosecutorial misconduct, ineffective assistance of counsel, and newly discovered evidence in this case. Every single time, his claims have been examined and rejected by both this Court and the Eleventh Circuit Court of Appeals as devoid of any basis in fact or law. *See, e.g.,* doc. 201, at 13-14 (rejecting on direct appeal prosecutorial misconduct claim that lead agent "gave incomplete and misleading trial testimony" and "failed to investigate a primary witness"); doc. 242, at 4 (agreeing with District Court's conclusion that Petersen was not entitled to a new trial because he "had not actually identified any pertinent new evidence, … the Government had not withheld exculpatory evidence before trial or presented false testimony at trial, and … none of the evidence proffered by Defendant would have yielded a different result at trial"); doc. 253, at 7 ("The facts are that for all his emphatic talk of perjury, falsified evidence and suppressed exhibits, Petersen has never come forward with proof of any of this."); doc. 262, at 3 (denying Petersen's request for COA on claims of prosecutorial misconduct, and explaining that "[m]any of these claims previously have been raised and rejected by the district court and this Court," while the remaining claims "were available on direct appeal but were not raised").

In his present Motion, Petersen seeks to repackage his repeatedly failed claims of prosecutorial misconduct, ineffective assistance, suppressed evidence, and newly found evidence as a request to modify the order of restitution. That attempt fails, as a matter of law. To be sure, the MVRA authorizes district courts to modify restitution orders under certain circumstances. *See* 18 U.S.C. § 3664(d)(5) (subsequent discovery of further losses by victim), § 3664(k) (material change in defendant's economic circumstances). But none of those circumstances are present here. More importantly, Petersen waived his right to assert these objections to the initial restitution calculation in this collateral proceeding because he raised none of them at sentencing or on direct appeal, and he has not demonstrated exceptional circumstances to excuse such failure. *See Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003) ("absent exceptional circumstances not present in this case, a criminal defendant who fails to object to the calculation of restitution at [sentencing or on direct appeal] loses the right to advance a challenge to this

calculation").[1]  The requisite "exceptional circumstances" are defined as being "analogous to a showing of 'cause and actual prejudice' such as would render reviewable a constitutional claim asserted for the first time in a habeas corpus petition."  *Cani*, 331 F.3d at 1214 n.2

Although Petersen argues that he was prevented from raising these objections earlier because the Government concealed the necessary evidence from him and he received ineffective assistance of counsel, these contentions do not give rise to exceptional circumstances here.  We know this because both this District Court and the Eleventh Circuit have previously found no merit to Petersen's oft-litigated assertions of "cause and prejudice," to the point where the appellate court declined even to issue a COA on those very claims for relief.  Simply put, Petersen has identified no potentially viable claims for prosecutorial misconduct, suppression of evidence or ineffective assistance of counsel; therefore, the mere cutting and pasting of those meritless claims into defendant's motion for modification of the restitution order cannot constitute the sort of "exceptional circumstances" necessary to allow him to raise for the first time objections to the original restitution calculations in this collateral attack filed more than four and a half years after entry of judgment.

More fundamentally, this Motion is actually nothing more than a do-over of Petersen's "Motion to Invalidate, Reverse, Set-Aside or Modify the Order of Restitution" (doc. 245) filed back on November 13, 2017.  That Motion, in which Petersen raised the same arguments he does now and invoked the same Federal Rules of Civil Procedure that he does now, was denied on the merits. (Doc. 251, at 1 n.2; doc. 253, at 8.)  Defendant cannot continue to waste scarce judicial resources by filing and refiling the same or substantively identical motions raising the same or similar permutations of arguments that have previously been considered and rejected.

---

[1] *See also Dohrmann v. United States*, 442 F.3d 1279, 1280-81 (11th Cir. 2006) ("we have held that a petitioner who failed to contest a restitution order either at sentencing or on direct appeal cannot for the first time challenge the district court's initial restitution calculation in a collateral proceeding, absent exceptional circumstances"); *United States v. Keys*, 138 Fed.Appx. 251, 252 (11th Cir. June 27, 2005) ("Keys failed to challenge the district court's restitution calculation either at his sentencing hearing or on direct appeal, and has failed to demonstrate the existence of exceptional circumstances that would excuse such failure.  Consequently, he has waived his right to object to the initial restitution calculation.").

For all of these reasons, defendant's Motion to Stay and Modify Order of Restitution (doc. 263) is **denied**. Because the Court certifies that any appeal from this ruling would be frivolous, Petersen will not be permitted to appeal *in forma pauperis*.

DONE and ORDERED this 27th day of December, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE