IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 13-0117-WS-N |
| | ) |
| | ) |
| DAVID PETERSEN, | ) |
| | ) |
| Defendant / Petitioner. | ) |

**ORDER**

This matter comes before the Court on defendant / petitioner David Petersen's *pro se* filings styled "Motion to Vacate Conviction, Sentence, and Related Civil Orders, as a Claim in an Independent Action, or as a Motion Addressed to the Inherent Power of the Court to Set Aside a Judgment Procured by Fraud on the Court" (doc. 284) and Motion for Partial Judgment on the Pleadings (doc. 287). In reviewing these Motions, the Court has before it the Report and Recommendation (doc. 288) authored by Magistrate Judge Nelson, as to which Petersen has filed Objections (doc. 290). Also pending is Petersen's Request for Entry of Default (doc. 291).

Petersen's lengthy history of overlapping, redundant and often frivolous post-conviction motions is well-documented in the court file. With the exception of a 2019 request for reduction in monthly restitution payments predicated on changed financial circumstances and undue hardship, these filings have been uniformly rejected by both this Court and the Eleventh Circuit Court of Appeals, often with extensive written explanation. His latest 40-page Motion to Vacate is, as Magistrate Judge Nelson aptly observes in her Report and Recommendation, "more of the same." (Doc. 288, PageID.4690.) Nonetheless, for the sake of clarity and at the risk of repeating what has already been written in ruling after ruling in this case over the years, the Court will address four aspects of the Motion, the Report and Recommendation, and Petersen's Objections at this time.

First, Petersen's Objections highlight his stated position that "[t]his motion is not meant to [*sic*] construed as a 2255 motion." (Doc. 290, PageID.4700.) The Court understands that Petersen is attempting once again to use artful (albeit misguided) pleading strategies to

circumvent the AEDPA statutory prohibition on unauthorized second and successive § 2255 petitions.  However, the Report and Recommendation correctly explains why, given the procedural posture of this matter, the nature of Petersen's claims, the relief sought, and his supervised release status, Petersen's Motion "must be construed as a second § 2255 motion, despite Petersen's assertion to the contrary." (Doc. 288, PageID.4689.)  Of course, insofar as Petersen's Motion to Vacate is properly construed as a second or successive § 2255 motion, it must be dismissed for lack of jurisdiction because Petersen has not obtained authorization from the Eleventh Circuit Court of Appeals to bring such a motion.  *See, e.g., Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion."); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

        Second, in his Objections, Petersen repeatedly invokes Rule 60(b) of the Federal Rules of Civil Procedure as giving rise to an alternative jurisdictional pathway for his Motion to Vacate that enables him to sidestep AEDPA's bar on unauthorized second and successive § 2255 petitions.  Petersen is wrong.  In an Order entered back on June 14, 2018, this Court has previously explained why Rule 60(b) is not available to Petersen as a vehicle for relief from the underlying criminal judgment. (Doc. 253, PageID.4152.)  Black-letter binding precedent dictates this result.  *See, e.g., United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case …."); *United States v. Johnson*, --- Fed.Appx. ----, 2020 WL 5035863, *2 (11th Cir. Aug. 26, 2020) ("And although he argues that his motion should have been construed as seeking relief under Federal Rule of Civil Procedure 60(b), that rule does not provide relief from a criminal conviction."); *United States v. Morgan*, 796 Fed.Appx. 570, 572 (11th Cir. Nov. 15, 2019) ("we have specifically held that Rule 60(b) does not provide relief in criminal cases").  Simply put, "[i]t does not matter that [Petersen] purported to file his motion under Rule 60(b). … [Petersen]'s filing is an attack on the validity of

his criminal conviction, so it is properly analyzed as a successive § 2255 motion." *United States v. Martinez*, 760 Fed.Appx. 911, 914 (11th Cir. Jan. 28, 2019).[1]

Third, even if the Motion to Vacate were properly considered on the merits (which the Court expressly holds it is not), Petersen would not be entitled to relief. The issues, "facts" and arguments presented in that Motion have been considered and rejected by this and other courts on the merits, often multiple times in multiple rulings. For example, the Court's Orders entered on June 14, 2018 (doc. 253) and July 26, 2016 (doc. 224), the Magistrate Judge's Report and Recommendation entered on May 16, 2018 (doc. 251), and the Eleventh Circuit's opinion on direct appeal entered on October 23, 2015 (doc. 201) have reviewed and denied Petersen relief on numerous grounds presented in this latest Motion to Vacate. No constructive purpose would be served by reproducing the reasoning and analysis of those decisions here. Rather, it suffices to emphasize that Petersen has identified no colorable – much less persuasive – factual or legal basis for challenging the procedural integrity (as opposed to the substantive merits) of those rulings, as would be necessary to establish a viable claim for relief under Rule 60(b).

Fourth, the Court will briefly address Petersen's objections to the Report and Recommendation's conclusion that he is not entitled to relief on the restitution part of the

---

[1] That said, the Court recognizes that Rule 60(b) "provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). The law is clear, however, that "a Rule 60(b) motion is to be treated as a successive habeas petition if it … attacks the federal court's previous resolution of a claim *on the merits*." *Id.* at 1293-94 (citation and internal quotation marks omitted). Thus, even when a motion is couched as being brought under Rule 60(b), when a petitioner is "attempting to relitigate previous claims that challenge the validity of his conviction, [he is] required to move [the Eleventh Circuit] for an order authorizing the district court to consider a successive habeas petition." *Id.* at 1295. Review of Petersen's latest Motion to Vacate confirms that he is attempting to relitigate on the merits previously raised and rejected claims challenging the validity of his conviction; therefore, his Motion is properly analyzed as a second or successive § 2255 motion, notwithstanding his protestations to the contrary. A fair reading of the Motion does not reveal any basis for finding that Petersen is actually attacking "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 1294 (citation omitted). Petersen's Motion does not address the federal habeas proceedings at all, other than to restate, rehash and reargue many of the same grounds for relief that he unsuccessfully pursued in those habeas proceedings. Under *Williams*, this Motion is properly construed as a successive habeas petition, despite Petersen labeling it as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. Besides, even if the Motion were a proper Rule 60(b) Motion, it would nonetheless fail for noncompliance with the timeliness requirements prescribed by Rule 60(c)(1).

sentence. Petersen takes issue with the Magistrate Judge's explanation that he remains "in custody" because he is currently serving a term of supervised release, such that he cannot utilize the § 2255 mechanism to attack the restitution order at this time. The Report and Recommendation is correct on this point as a matter of law, and Petersen's objection is baseless. *See, e.g., United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) ("as a person serving a term of supervised release, Brown was 'in custody' within the meaning of § 2255 when he filed his petition in district court. … Because Brown was in custody within the meaning of § 2255 when he filed his petition … § 2255 was his exclusive remedy"); *United States v. Nicolas*, 490 Fed.Appx. 300, 303 (11th Cir. Sept. 24, 2012) ("A defendant serving a term of supervised release is 'in custody' for purposes of Section 2255."). The Magistrate Judge was also correct that Petersen's new arguments concerning the restitution order that he seeks to present for the first time in this Motion to Vacate are barred absent a showing of "exceptional circumstances," which Petersen has not made. *See, e.g., Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003) (because "the defendant in every case is assured ample opportunity to challenge the district court's calculation of restitution at sentencing and again on direct appeal … we conclude that absent exceptional circumstances not present in this case, a criminal defendant who fails to object to the calculation of restitution at both of these stages of the judicial process loses the right to advance a challenge to this calculation").

For all of the foregoing reasons, it is **ordered** as follows:

1. Petitioner's Objections to Report and Recommendation (doc. 290) are **overruled** in their entirety;
2. The Report and Recommendation (doc. 288) entered by the Magistrate Judge is **adopted** as the opinion of this Court;
3. Petitioner's latest "Motion to Vacate Conviction, Sentence, and Related Civil Orders" (doc. 284) is **denied**, except that it is **dismissed without prejudice** for lack of jurisdiction to the extent it challenges Petersen's convictions and any portion of his sentence except for restitution;
4. The Court expressly finds that petitioner is entitled to neither a Certificate of Appealability nor *in forma pauperis* status on appeal for the reasons stated above and in the Report and Recommendation;

-5-

5. Petitioner's Motion for Partial Judgment on the Pleadings (doc. 287) is **denied as frivolous**;

6. Petitioner's Request for Entry of Default (doc. 291) is **denied as frivolous**; and

7. A separate Judgment will enter.

DONE and ORDERED this 28th day of September, 2020.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE